UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-22875-CIV-COOKE/BANDSTRA

MICCOSUKEE TRIBE OF INDIANS OF
FLORIDA,

    *Plaintiff*,

v.

UNITED STATES, *et al.*,

    *Defendants*.
_____/

## ORDER GRANTING MOTION TO DISMISS

This case is before me on Defendants' Second Motion to Dismiss for Lack of Jurisdiction [D.E. 26], Plaintiff, the Miccosukee Tribe of Indians of Florida's Response in Opposition [D.E. 27], and Defendants' Reply [D.E. 28]. I am granting Defendant's motion.

**I.  Background**

Plaintiff's Complaint seeks injunctive and declaratory relief for Defendants' alleged violations of the Clean Water Act ("CWA"). [D.E. 1]. These violations stem from Defendants' purported failure to obtain water quality certification from the State of Florida in connection with a federal project to construct the Tamiami Trail Bridge and relocate one mile of Tamiami Trail. Plaintiff has filed three other cases challenging this project under various statutes.[1]

Plaintiff's Complaint contains three counts which essentially seek the same relief. Count I of the Complaint asks this court to enjoin Defendants from constructing and operating the Tamiami Trail Bridge and from seeking solicitations for construction until they obtain the proper state water

---

[1] Case Nos. 08-21703, 08-21747, and 08-22966.

quality certification. (Comp. at ¶ 54(d)). Count II seeks an injunction prohibiting Defendants from granting a contract for the construction of the Tamiami Trial Bridge, and from constructing and operating the bridge until they obtain state water quality certification. (Comp. at ¶ 63(b)). Finally, in Count III Plaintiff asks this court to issue a Writ of Mandamus, requiring the Secretary of the Army to undertake the legally mandated state water quality certification process for the Tamiami Trial Bridge.

## II.     Legal Standard

A district court is powerless to hear a matter where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (noting that lower federal courts are courts of limited jurisdiction) (citing to *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)). A plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). A defendant bringing a motion to dismiss under Fed. R. Civ. P. 12(b)(1), may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 2009). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true." *Id.* at 1529.

## III.    Discussion

Defendants argue that this case should be dismissed pursuant to the Omnibus Appropriations Act of 2009, Public Law 111-8, 123 Stat. 524 ("2009 Omnibus Act"), which was enacted by Congress after this lawsuit was filed. The 2009 Omnibus Act provides that the U.S. Army Corps of Engineers "shall, *notwithstanding any other provision of law*, immediately and without further

delay construct or cause to be constructed Alternative 3.2.2.a to U.S. Highway 41 (the Tamiami Trail) consistent with the Limited Reevaluation Report with Integrated Environmental Assessment and addendum, approved August 24, 2008." 111 P.L. 8, 823 (emphasis added).  According to Defendants, this imposes on the Corps a non-discretionary duty to construct the Tamiami Trail Bridge "immediately and without further delay."  Given this Congressional edict, Defendants argue that there is no relief this Court can grant to address the Plaintiff's alleged injuries.  Accordingly, Defendants assert that this case is now moot, and the Complaint must be dismissed for lack of Article III subject matter jurisdiction.  I agree with Defendants.

In support of their motion, Defendants filed two separate Notices of Supplemental Authority, attaching decisions in related cases within this district. [D.E. 29, 37].  Judge Ungaro dismissed Plaintiff's attempt to halt the bridge project under the National Environmental Policy Act ("NEPA") and the Federal Advisory Committee Act ("FACA").  *Miccosukee Tribe of Indians of Fla. v. U.S.*, No. 08-21747, 2009 WL 2868846 (S.D. Fla. June 17, 2009).  The court found that, based on the language in the 2009 Omnibus Act, the court lacked subject matter jurisdiction to grant Plaintiff the declaratory and injunctive relief it sought.  *Id.*  A similar decision was reached by Judge Seitz in a separate lawsuit Plaintiff filed under the Endangered Species Act ("ESA").  *Miccosukee Tribe of Indians of Florida v. U.S.*, No. 08-22966, 2009 WL 2872989 (S.D. Fla. September 1, 2009).  In that suit, Plaintiff sought declaratory and injunctive relief, which would have halted the bridge project.  *Id.*  Adopting the reasoning in Judge Ungaro's order, Judge Seitz also found that the express language in the Omnibus Act deprived the court of jurisdiction to grant Plaintiff the relief requested.  *Id.*  I agree with the reasoning in both decisions, and find them applicable here.

In response to these prior decisions, Plaintiff presents some new arguments challenging their

applicability to the current case.[2] First, Plaintiff argues I should not attach any value to either decision because they involved statutes other then the CWA, which is at issue now. This argument is not persuasive. Judge Ungaro's opinion stated that "the 2009 Omnibus Act is not an implied limited repeal of NEPA and FACA but an explicit exemption of the Tamiami Trail modification project from the reach of *such* statues..." *Miccosukee Tribe of Indians of Fla.*, 2009 WL 2868846 at *4. In both opinions, the court found that the use of the term "*notwithstanding any other provision of law*" necessarily exempted the Tamiami Trial Bridge project from compliance with statutes that would delay the project. It is clear that, because each of the previous cases involve the same Tamiami Trail project, the reasoning used may be applied to any similar statutes relied upon in challenging the project.

Plaintiff also argues that "[t]he plain meaning of the Omnibus Act requires the Corps to act consistent with the terms of the LRR/EA [Limited Reevaluation Report with Integrated Environmental Assessment and Addendum]," which requires compliance with Section 401 of the CWA. In support of this contention, Plaintiff cites to subsection 4.25.4 of the LRR/EA. Subsection 4.25.4 of the LRR/EA states, in its entirety:

> A 404(b)(1) Evaluation has been prepared (***Annex A***) and would be coordinated along with this EA. Full compliance with this Act would be achieved upon the issuance of a Section 401 water quality certification (WQC) and National Pollutant Discharge Elimination System permits by the State of Florida. A NPDES permit would be acquired for the construction activity. No point source NPDES permits would be required for discharges.

[*See* D.E. 36]. Nothing in this subsection requires the Corps to comply with the CWA as Plaintiff alleges. As previously held in this district, I find that the plain language of the Omnibus Act, which requires construction of the bridge project "immediately and without further delay," deprives this

---

[2]Because I agree with the reasoning in these decisions, I will not readdress arguments Plaintiff has previously raised.

court of the ability to grant Plaintiff the injunctive and declaratory relief it requests.

### IV.     Conclusion

For the reasons set forth above, Defendants' Second Motion to Dismiss for Lack of Jurisdiction [D.E. 26] is **GRANTED**.  The clerk shall **CLOSE** this case.  All other pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in chambers at Miami, Florida, this 28th day of September 2009.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*The Honorable Ted E. Bandstra*

*Counsel of Record*